IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TONY T. LEWIS, § | |
| (Tarrant No. 0160692) § | |
| VS. § | CIVIL ACTION NO.4:08-CV-495-Y |
| § | |
| § | |
| W. OLDS, Lieutenant, § | |
| Tarrant County § | |
| Corrections Center § | |

### OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Tony T. Lewis's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Lewis filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 against defendant W. Olds, identified as a lieutenant at the Tarrant County Corrections Center. (Compl. § IV(B).) Lewis alleges that on July 25, 2008, Lieutenant Olds ordered that he be stripped and forcibly placed in a single suicide-watch cell, when no cause existed to do so. (Compl. § V.) He also alleges that Olds directed others to commit these acts. (Comp. § V; attachment.) Lewis acknowledges he was released from suicide watch two days later, allegedly at the direction of MHMR.(Compl. § V; attachment.) Lewis seeks compensatory damages in the amount of $70,000, and punitive damages in the amount of &77,000. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Lewis's claims must be dismissed.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action:

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

(1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Lewis's factual allegations fail to satisfy the first element.

Lewis complains that defendant Olds ordered him to be placed in a solitary suicide-watch cell without probable cause, which is treated as a claim that he was placed in administrative segregation without due process of law. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[7] Thus, the Court must first determine whether a property or liberty interest exists that is entitled to due-process protection.[8] But, an inmate has neither a protected property nor liberty interest in his custody classification.[9] Furthermore, a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate

---

[6]*See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).

[7]U.S. CONST. amend. XIV § 1.

[8]*Brock v. Roadway Express, Inc.*, 481 U.S. 252, 261 (1987); *see also Augustine v. Doe,* 740 F.2d 322, 327 (5th Cir. 1984).

[9]*See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.), *cert. den'd,* 488 U.S. 985 (1988)(citing *Meachum v. Fano*, 427 U.S. 215 (1976)).

in relation to the ordinary incidents of prison life."[10] In *Sandin v. Connor,* the Court held that a prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."[11] In light of *Sandin,* the Court of Appeals for the Fifth Circuit held that, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."[12] Controlled by these precedents, Lewis's placement in suicide-watch segregation as stated in the complaint does not rise to the level of an atypical and significant hardship.[13] Thus, Lewis's due-process claim based upon the suicide-watch cell placement has no arguable basis in law, and must be dismissed.

Therefore, all Plaintiff's claims are DISMISSED WITH PREJUDICE

---

[10] *Sandin v. Conner,* 515 U.S. 472, 483 (1995)(citations omitted).

[11] *Id*

[12] *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995)(per curiam), *cert. denied,* 517 U.S. 1196(1996); *see also Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1995)(affirming district court's dismissal as frivolous prisoner's claim that administrative segregation resulting from his classification as a gang member violated a cognizable liberty interest); *Orelana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995)(noting that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will hence-forth qualify for constitutional 'liberty' status"), *cert. denied,* 516 U.S.1059 (1996)(internal citations and footnote omitted).

[13] *See generally Rogers v. Paquet,* No.3:01-CV-0969-X, 2001 WL 1148256, at *3 (N.D.Tex. Sep. 18, 2001)(holding that county jail inmate's claim that he was wrongfully placed in single cell suicide watch "has no viable legal basis".)

under 28 U.S.C. § 1915A(b)(1), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED January 26, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE